This case was held under advisement until May, 1806, (10th May,) when
Gkimke, J.,
delivered the unanimous opinion of all the judges.
Two questions have been made for our decision, — 1. Whether the mere lodgment of an attachment in the sheriff’s office creates a lien en ail the property and credits of the absent debtors, so as to make them answerable to this attachment in preference to other attachments which may be actually served ; and, 2. Whether an attachment against two defendants on a joint contract, which is served by a levy on the effects or credits of one of the defendants only, is well served, and the attachment can be maintained against both defend, ants, or that one. (
We are all of opinion in favor of the negative of these propositions. The property actually seized, or the credits actually bound by the service of an attachment, shall be answerable to that attachment exclusively ; at all events, that attachment shall have a preferable and prior claim to any other. As to the second point, it is clear that the parties sued cannot be made parties in court, nor can any proceedings goj>n against them until they have been both served, or the attachment has been served on the effects or credits of both of them. If a judgment should go against Strobel alone, the partnership effects must first be taken to pay the partnership debt, and the partnership fund must be exhausted before the private estate of the party can be taken. The money in the hands of the garnishee is not liable to be attached on the attachment against Strobel & Martini, because it is not partnership money. And to make the defendants answerable by attachment on a partnership contract, it is *82 necessary to attach the partnership property, credits, or books of . account.
The service of Crowninshield’s attachment was held insufficient.